IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KENDRICK QUINN                                          PETITIONER

VS.                        Civil Action No.: 5:24-cv-00076-DCB-BWR

SHERIFF BRYANT WALLY JONES                              RESPONDENT

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

THIS MATTER is before the Court on Magistrate Judge Rath's Report and Recommendation ("Report") [ECF No. 17] concerning Defendants' Motion to Dismiss [ECF No. 13] on Plaintiff's 28 U.S.C. § 2241 Petition for Habeas Corpus. [ECF No. 3]. The Report was entered on July 25, 2025, and objections to it were due by August 8, 2025. As of the date of this Order, Petitioner has not filed an objection, and the time to do so has elapsed.

After consideration of the record, relevant legal authority, and Petitioner's submissions, Judge Rath recommended that the Court grant Respondent's Motion to Dismiss. [ECF No. 17] at 1. Specifically, Judge Ruth recommended that the petition be dismissed with prejudice because Petitioner failed to state a cognizable claim for federal habeas relief, or in the alternative, dismissed without prejudice for failure to exhaust available state court remedies. <u>Id</u>. Judge Ruth further recommended that Petitioner's request for appointment of counsel and his non-habeas challenges be denied without prejudice. <u>Id</u>.

I.  Legal Standard

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

A petition for writ of habeas corpus under 28 U.S.C. § 2241 is a civil proceeding, even though it collaterally attacks a criminal judgment. Hilton v. Braunskill, 481 U.S. 770, 775 (1987). Accordingly, the standards governing motions to dismiss under the Federal Rule of Civil Procedure 12(b)(6) apply in this context. Id. Federal Rule of Civil Procedure Rule 12(b)(6) allows Defendants to move to dismiss a case due to Plaintiff's failure to state a claim upon which relief can be granted. To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Great Lakes Dredge, 624 F.3d 201, 210 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

II.  Discussion

Petitioner's Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 was filed on September 4, 2024. [ECF No. 3]. In the Petition, Petitioner alleges that his incarceration at Pike County Jail in Magnolia, Mississippi is a direct violation of his "constitutional rights" and "due processing". [ECF No. 3] at 3. As identified in Judge Rath's Report, Petitioner raises multiple grounds for relief in his Petition; including, (1) an illegal stop and search, (2) due process and proper representation violations, (3) excessive bond, and (4) that he is being held under false pretenses. [ECF No. 17] at 3. Additionally, Judge Rath includes that Petitioner is seeking "justice", "compensation", and his "freedom". Id. at 3.

The discussion in Judge Rath's Report begins by asserting that Petitioner's claims against Sheriff Bryant "Wally" Jones should be dismissed with prejudice because Petitioner failed to state a cognizable claim for federal habeas relief or alternatively, dismissed without prejudice for failure to exhaust available state court remedies. [ECF No. 31] at 7. He also asserts that all non-habeas challenges presented by Petitioner should be denied. Each of these recommendations will be discussed in turn.

First, The Report indicates that Petitioner's claims for relief are not cognizable in a pretrial habeas action under § 2241

and thus recommends dismissal. The Report cites to the Fifth
Circuit in support of this conclusion, which has made clear that
federal habeas "does not lie, absent special circumstances, to
adjudicate the merits of an affirmative defense to a state criminal
change prior to a judgment of conviction by a state court." Braden
v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489 (1973). Here,
Petitioner seeks dismissal of his state charges (his 'freedom'),
rather than relief compelling the State to fulfill its obligation
to "promptly bring him to trial". [ECF No. 17] at 6. (Citing Brown
v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976)). As such, the
Report concludes that Petitioner's attempt to usurp the state
judicial proceedings leaves federal intervention unwarranted. [ECF
No. 17] at 7. This Court agrees with Judge Rath's recommendation.
Since Petitioner has failed to state a claim upon which federal
relief can be granted and "any threat to his federally protected
rights can be eliminated during a trial on the merits," dismissal
of these claims is therefore appropriate WITH PREJUDICE. [ECF No.
17] at 7. (Citing Gilmore v. Berlin, No. 2:21-cv-96-KS-MTP, 2022
WL 17408816, at *3 (S.D. Miss. Nov. 3, 2022), R & R adopted, No.
2:21-cv-96-KS-MTP, 2022 WL 17408646 (S.D. Miss. Dec. 2, 2022)).

Second, Judge Rath recommends that, in the alternative,
Petitioner's claims should be dismissed without prejudice because
Petitioner has failed to exhaust all available state court remedies
prior to the filing of his habeas petition. [ECF No. 17] at 8.

4

This Court agrees with Judge Rath that Petitioner has yet to exhaust all state court remedies. However, as mentioned above, the asserted claim is not cognizable under federal habeas review and no amount of further exhaustion in state court could transform the claim into a valid ground for federal relief. Thus, the action is dismissed WITH PREJUDICE.

Third, Judge Rath explains that Petitioner's request for federal habeas counsel, compensation, protective custody, any challenges to his confinement, and complaints concerning Pike County Jail's mail procedures should be denied without prejudice. This Court agrees with Judge Rath, as each of those requests are non-habeas in nature and should be properly pursued using the appropriate avenue for the Court to review. For example, as Judge Rath has recommended, Petitioner's discontent with his housing placement and the mail system would be properly pursued under 42 U.S.C. § 1983 as opposed to 28 U.S.C. § 2241. Thus, all non-habeas requests for relief and requests for federal habeas counsel are dismissed WITHOUT PREJUDICE.

III. Conclusion

In applying the abuse of discretion standard to Judge Rath's recommendation on Respondent's motion to dismiss [ECF No. 13] and having conducted a thorough review of the applicable law and facts

presented, the Court finds the recommendation well-founded and hereby ADOPTS it in full.

Accordingly,

IT IS HEREBY ORDERED that Judge Rath's report is ADOPTED as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that Respondent's Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that Petitioner's application for Writ of Habeas Corpus under 28 U.S.C. § 2241 is hereby DISMISSED WITH PREJUDICE for failure to state a cognizable claim.

IT IS FURTHER ORDERED that Petitioner's application for Writ of Habeas Corpus under 28 U.S.C. § 2241 is hereby DISMISSED WITHOUT PREJUDICE as it relates to his non-habeas challenges and request for counsel.

IT IS FURTHER ORDERED that this dismissal constitutes a final judgment in these proceedings and terminates the case before this Court.

SO ORDERED, this 4TH day of September, 2025.


/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE